May have pleased your court, Ronald T. Oldenburg, for the petitioner, Your Honor, and we have set forth our arguments pretty much in our brief. However, in preparing for this hearing, I noted that we came across one comparatively recent case that I have not cited in the brief, and that is Buckner v. Zemsky, which was an Eastern District of Pennsylvania district court case in 2002. And we feel that the facts in that case are in some ways similar to this, and the court in that case ruled in the individual's favor that he was a U.S. citizen. I could not find any follow-up on that case, so I called the Eastern District of Pennsylvania prior to this hearing. They indicated that the government had filed an appeal on the case to the Circuit Court of Appeals, that the Circuit Court had remanded the case to be dismissed on the basis that it was moot, and that on March of this year, Judge Newcomer did dismiss the case as moot. I don't know what significance that has, because the district court decision was not reversed as such, but the case was dismissed as moot. I mean, it could have happened. The man could have died, I suppose. That's right, Your Honor. All right. If you just give the citation to your opposing counsel and to the clerk, just Yes, I gave a copy of the decision to the opposing counsel. Now, in that case, Your Honor, we had a somewhat similar situation in that the divorce decree was silent on the issue of custody of the child. And in affirming the citizenship of the applicant, the Petitioner, the judge indicated that there was basically an inherent or constitutional right of the parents to decide the custody of the child. And therefore, since the parents had agreed that the child would be in the custody of the person that became a U.S. citizen, the child acquired citizenship. Now, we feel that is similar to the situation in this case, even though the actual divorce decree in this case did specify that the mother in the Philippines would be given legal custody. As we've outlined in our brief, there's the issue of what effect that has as a matter of law. Because the wife and the child were both in the Philippines at that time. So we're saying basically that the family court of the state of Hawaii had in random jurisdiction to terminate the marriage because of the fact that the husband, the petitioner, was physically present and subject to the jurisdiction of the court. But because the wife was not present in Hawaii and the child was not present in Hawaii, the court had no authority or jurisdiction to award custody of the child. And we've cited in our brief the appropriate Hawaii statute. So we're saying basically that even though there was a statement in the decree that the wife... which found that pursuant to the written agreement, the child was in the custody of the father. Yes, that is part of our argument. There was a subsequent... Well, yeah, there was two parts. But you're saying in addition to that, you're contesting the validity of the Philippines decree? No, it wasn't a Philippines decree. It was a family court in the state of Hawaii. Okay. So you're questioning the validity of that first decree? Not the validity in reference to the termination of the marriage. That was valid. But the validity of the award of custody and child support, for that matter, because the court did not have the in personam jurisdiction over either the child or the wife. And we say that under Hawaii law, you cannot stipulate as to jurisdiction. If there's no in personam jurisdiction, then there's no valid determination of whether or not there is a determination of custody. But if there's no in personam jurisdiction, why do you contend that the divorce decree, that portion of it was valid? Because there was in rem jurisdiction in reference to the marriage itself. And all you need for that is to have one party over whom the court has jurisdiction, who is subject to the marriage. And then the court has in rem jurisdiction to determine whether or not that marriage will be dissolved or not. That doesn't make much sense to me, because obviously you'd have to either show some attempt at service. So there's no question that the wife was in some way legally notified so that there would have been a valid divorce. However. How do we reach that issue at this point? I mean, basically what you're asking us to do is to invalidate a state court judgment. No, I'm not asking you to. Declaring it invalid from a law to pure state. Only on the issue of child custody. Right. But still, that's. Well, I think as I'm asking you to invalidate it, I'm just saying that as a matter of law, as a matter of Hawaii law. I don't understand that. Well, it seems to me that cuts against your better argument, which is that they had jurisdiction. You got a non-quotient order. Well, this is the second thing. I know, but if you win on the first, you lose on the second. I'm not sure winning on the first that you were perhaps want to be. Let's assume the marriage is invalid and there's no custody agreement in effect because of the decree. So where does that leave you? That leaves you with. She didn't have physical custody. She has physical custody. He had physical custody until the child came to the United States. What we're saying is basically she had physical custody of the child until the child came to the United States. As per the agreement of the parents, the mother and father. However, after he became a U.S. citizen again with her agreement, he petitioned for the children to come to the United States. There were a total of six children in the family and all of them immigrated to the United States. With the petitioner, in this case, being the last member of the family to come. He was 15 years old when he came. And then he, at that point, was transferred per agreement of the mother and father from the physical and legal custody of the mother to the physical and legal custody of the father. And you have a Hawaii decree that says that that agreement transfers custody and that they have legal custody under Hawaii law. Pursuant to that agreement. Wholly aside from the proton. So what difference does it make? What happened before that? Whether there was an earlier decree. Well, the government has contended, Your Honor, that the non-proton. Well, I said it wholly aside from the non-proton. The court said that this agreement transferred the custody and under Hawaiian law, it was done right. It was transferred. So we say once the individual came to the United States, he under Section 321 became a U.S. citizen because he was under 18. He was in the legal custody of the father who was a U.S. citizen. Why do you say that? I mean, if the initial divorce decree doesn't provide for legal custody, who has legal custody under Hawaii law? Well, under matter of M, a Board of Immigration Appeals decision or the service decision, basically it said whoever has the physical custody of the child will be presumed to have the legal custody. And basically in the Bucknor case, the same thing. But my question was under Hawaii law. How does that operate? I am not sure, Your Honor, under Hawaii law. Since the court did not have the in personam jurisdiction, the court. Right, but I mean under Hawaii law, presumably. Let's assume that your argument is correct and there's a divorce but no word of custody. Can you tell me under Hawaii law? Then it would be a matter. Who has legal custody. Yeah, matter of the agreement of the parties, Your Honor. What case says that? I don't have a case citation for you, but I used to practice divorce law in the State of Hawaii. And I don't know. Yeah, I believe it would be just a matter of the agreement of the parties because there's no dispute. Unless there's some allegation by the state or something that one party or the other is unfit for custody. But otherwise, if there's no dispute between the parties, legal custody would be according to the agreement of the parties. Or it could be joint custody. In many instances in the State of Hawaii, the courts do grant the person's joint custody and each of them has legal custody. Well, you've used your 10 minutes. Thank you. I'll give you a minute or two for rebuttal if you need it. May it please the court. Mary Jane Condor representing the respondent in this matter. Your Honor, Hawaii state law does define legal custody. And what it says under Hawaii is legal custody means the relationship created by the court's decree, which imposes on the custodian and then it goes on to talk about certain responsibilities. That portion of Hawaii law is actually in the record in this case at pages 71 through 73. And that information was before the State Department, the Immigration Service, the immigration judge, and the Board of Immigration Appeals. There is a Hawaii decree here which says that it is clear from the above, after several pages, that the parents in this case agreed to a change in the legal and physical custody of the child effective upon his immigration to the United States. This was within the purview of their authority, and it is not necessary for parents to come to court to change or amend the decree of divorce every time they may jointly make a major decision concerning care and custody of their children. Is that the non-proton order that you look at? No, that's before you get to non-proton. Then they say after that, however, to eliminate any question, we hereby amend it, granted non-proton. But they say entirely apart from that. It's clear that the agreement changed the custody under Hawaiian law. Well, the agreement between the parties, Your Honor? Yes. The problem is the statute here, the purpose of the statute. And it's unquestionable that the statutory requirements for citizenship have to be strictly met. The Supreme Court has said that. And the statutory requirements need to be strictly met before the person turns 18, not when he's 38. This was the agreement they say in the Hawaiian law that the agreement of the parties changed the status. That was before he was 18. The problem with that, Your Honor, is that the effect of Section 321 of the Immigration Act is to automatically make someone a citizen of the United States. Right. Presumably, the problem with that interpretation is that so he goes back to the mother, then he goes back to the father, then he goes back to the mother. Well, what is he? Is he a U.S. citizen or not? Well, that can happen very easily, too, by going to court and saying, well, now we want to go to the mother, now we want to go to the father. They could have gone to the court and should have gone to the court. But they don't have to under Hawaiian law, this is. They do it whenever they want. They do it by agreement of the parties. But your objection would be the same of whether they went to court or did it by agreement. It would not be the same. Had they gone to court and changed legal custody before he turned 18, then we would agree that he is a citizen. Even if custody changed back? Pardon? Even if custody then reverted by subsequent court order? Well, the statute says that naturalization of the parent having legal custody when there has been a legal separation of the parents, and if it takes place before the child is 18, yes. Well, I don't think they would lose citizenship. I think once you get it, you have it now. Your quarrel is with the Hawaii court statements that you don't have to go to court under Hawaiian law. But the agreement is enough. Well, the problem is that the government's position is it needs to be memorialized by the court. That's the problem with these cases. That's your position. It's not the Hawaiian court's position. But under naturalization law, what ends up happening is, years later, we're looking back at it, and people want to say this and they want to say that. It needs to be memorialized before the person is 18 years old. Well, that's, you know, it's, I understand your point on that. I understand the First Circuit. What I have difficulty with, though, is that if you have a, and I guess it pertains to the first argument that Patricia makes too, you have a state court judgment. We really can't look beyond that. I agree, Your Honor. And the non-quotonic order is something I don't know that we can review and say, well, that's improper under Hawaiian law, or is improper to say that Hawaiian law only would allow for the stipulation. If you have a court order, and even if it's non-quotonic, if Hawaii would recognize the non-quotonic status, aren't we just stuck with that? I mean, whether it's on full faith and credit or Rupert Feldman. How can we collaterally attack that and say, no, this doesn't mean what it says? Well, the problem is that it conflicts with the naturalization statute. And it's the state court, in this order, for the purpose of making him a citizen. Right. But we can say they did it for a long reason. But if it's non-quotonic and non-quotonic has the legal effect of transferring custody as of a certain date, it's a legal fiction, certainly. Aren't we just stuck with that? No, Your Honor. I think the effect, if the court did that, the effect of that would be to permit the state courts, as the First Circuit said, to create loopholes in the naturalization statute. Right. But that happens to us sort of all the time when state courts make decisions that are contrary to federal law. They construe federal law. But as to that case, it's res judicata. And even though they come to us and the argument is, well, you can't look beyond what the state court did under either Rupert Feldman, full faith and credit, or res judicata. Well, that might be true in a lot of areas, Your Honor. But naturalization is solely Congress's prerogative. Right. But, I mean, the statute says they have to do it before a certain date. And the state court says, well, it was before a certain date. Well. Even the numb-pro-tough part is the final sentence. And they say, to eliminate any question, we're going to do it in a decree, obviously in order to satisfy people who think there should be a decree. But they say before that, that under Hawaiian law, it became effective. It was done when there was an agreement. They said that's all you need. Part of the problem with these types of orders, Your Honor, who represented the government in that case? The government can't go out and litigate in any divorce case. You know, you're going to be recognizing state custody decrees all the time without anybody in the government representing anyone. They could have gone into state court and gotten this decree the day before he became 18, and you would have been satisfied, and you wouldn't have been there. But you say it's got to be done in court, and the Hawaiian court says it doesn't have to be done in court. This is valid under Hawaiian law. But to satisfy any people who think you've got to have a court decree, we'll make it numb-pro-tough. But they don't depend on that. Well, it is stated in our brief that we think that this order is questionable. That's on page 13 of footnote 3. Yeah. No, I understand your position. I understand your frustration. But on the other hand, we see a lot of state court judgments we think might be questionable. But except in areas like habeas, they bind us. We just have to take them for what they are. And that's what I'm struggling with here. Even if the state court, I mean, we presume that the state court's not going to do anything. It's fraudulent. You may think it's questionable, but it was entered. And they say, here's the way the law works in Hawaii. Stipulation alone is enough. But just to see that we're doing numb-pro-tough. Now, it seems to me we're bound by that interpretation of Hawaii law. And if that's true, and the legal fiction is that it was accomplished before the appropriate date, then that presents a problem. I'm well aware of the First Circuit's analysis on that. But I'm just explaining what troubles me about this so you can respond. Well, all I can say, Your Honor, is that the government has to look at these cases. You know, they're coming in 15 years, more than 15 years later, and trying to look at it. You know, he had 11 years during which he could have naturalized, and he didn't do it. And now, all of a sudden, he's convicted of an aggravated felony. And so he pulls his family together, and they say, well, what can we do? Right. But then, I mean, you do have to then presume that the state courts in Hawaii are party to the fraud, if you think it's fraud. And that's something I don't think we can really presume and say, well, okay. I mean, I just don't think that a family court in Hawaii would say, this is the way the law works, if it weren't true. It's a difficult, I recognize it's a difficult area. And for you, it's frustrating because you think that, in fact, they're trying to alter history. I understand completely. And I'm just struggling with the legal problem. Well, consider the practical problem for the agency, Your Honor, for the State Department and for the board and the immigration judge and the immigration service, Department of Homeland Security now, trying to look back. And so the result of this, I think, would be that they need to look to they won't have a practical test. There was legal custody awarded in this case in 1970. It wasn't changed by order before he was 18. That's the rule. In the statute, the statute says, I mean, if the state court says we are instruing our prior order, and if it's not clear enough for me to deny before I talk, and that has legal effect, why isn't that bright line enough? If you have a court, the promoter of a court, on what happens? Well, I'm not sure how that's consistent with state law. The state law, it says the custody created by the court's decree, which imposes. So I guess the idea is that when the petitioner was 33, then with this non-protunct order, it imposed the relationship back when he was 15. Right. But I mean, the protection of the system is that you have to go to a court that has competent jurisdiction and get the order. And if you allege it's fraudulent, I expect, you know, that's – but you do have to persuade the court of it. Well, I guess the strongest point I have, Your Honor, is that what it says in this non-protunct order appears to be inconsistent with the definition of legal custody. Right. But see, there's my problem. I don't see how we can look behind white law to say – I mean, Rupert Feldman would prevent us from saying the white court was wrong because we don't have jurisdiction to declare what the white judgment was. Right. I think the only argument – I mean, the clear argument is as a matter of federal law, can a non-protunct order suffice to meet the statutory requirements? I mean, that's the only argument. Right. And obviously – That's not an easy question, but that's what I'm discussing with you. I need to kind of outline what I see to be some problems in the case so you can respond. Right. I mean, that's our point is that a non-protunct is not sufficient because it has to be clear in the law. It has to be clear by the court's order before the person is 18. Now, counsel is correct. If there's no order regarding custody, at least under immigration law, it's been interpreted that it's the custodial parent, which in this case – See, I have the same problem. This first argument that I do with the non-protunct order is that we have to presume it had jurisdiction. I don't think we can look behind the custody order to say, well, no, there wasn't service. It was used out of the country under white law. It wasn't valid. I agree with that. But I have – that's the problem I have with the non-protunct order, too. I think for examination, it stops there. Well, our position is – No, I understand. Your Honor, it is frustrating because I think in the – How many cases do you have that when state courts change their mind? We know there's at least one in Massachusetts and maybe one in Delaware. There's a case Miller v. Christopher in the D.C. Circuit that was affirmed by the Supreme Court. In that case, the petitioner was trying to get a non-protunct order. It wasn't exactly like this, but it involved citizenship. I think it was a legitimacy case that the petitioner's father was a citizen and mother was not. There's a whole issue that the person has to be legitimated before they're, I think, 16. And in that case, the petitioner was in her 20s, and she got the order and then sued for acquisition. Again, in that case – like in this case, although the statute is different. And the court there said, no, you can't do it later. It had to have been satisfied before. It's a little bit different. It's not a non-protunct order, but it's a later – it's a later statement that the earlier fact was true. I mean, if he's her father now, he was her father back then. It's a similar sort of situation. And the court there said it had to be satisfied before the petitioner turned, I think, 16 in that case. And we do see these cases, Your Honor. This isn't a rare situation. And the fact is, if non-protunct orders are considered appropriate, we're going to see a lot more. I'm confident of that. I guess you'll be coming out here a lot more. Well, I hope they come from Hawaii anyway. Did you have another question? Yeah. I'm still, I guess, at the level before Judge Thomas' level of non-protuncts. And I'm still on the question of why, when Hawaii says that you don't need a court order at all to transfer custody after a court order, that the private agreement of the parties is sufficient and they recognize that, why that is improper under Hawaii law. I've looked at your footnote where you say a non-protunct order is improper without saying it is or it isn't. My problem is I don't see why this depends on the non-protunct. Well, once the court has said that agreement under Hawaii law was sufficient to effect the transfer and you don't have to come to court, what is it that is improper about that? I just think that it's a more difficult standard for someone to become a citizen, Your Honor. And I think that the requirement that the service and the State Department have put on this and their understanding based on Hawaii law, Section 571.2, that there needs to be a court order in this matter. When there's been an initial award of custody, the court needs to … I can understand that argument. I mean, I can understand that somebody saying, yes, that should be the rule. When there's an award of custody, if you want to change it, then you go back to court. And maybe Hawaii is wrong in saying that in Hawaii you don't have to do that. But don't they have a right to say you don't have to come back in Hawaii and you do change custody in this manner? And don't you recognize that if that is the state law? Your Honor, I think to the extent that it affects whether this person automatically became a U.S. citizen, they did need to go back to court. Because state law is not determinative of citizenship? If the state says that … We do look to state law. I'm going to give you a certificate. Don't come back to court. But when you have a letter, just register it with the Secretary of State, and we'll issue you a certificate that you are now in the custody of your father. Well, if that's what state law said, I think that would be appropriate. Well, that's what the state decree says. State law here says the relationship created by the court's decree. That's what I'm looking at, Your Honor. I'm looking at the statute. And that's what … I think Judge Renner's point is if the family court is correct in saying that it was not necessary for the parents to come back to court to change their amendment decree, it was in purview of their authority to change legal custody, if that's a correct statement of Hawaii law. And that's a different case. But apart from the non-court aspect that the court later discussed. Well, that's … If they're right. If the state court is right. I don't think I have a satisfactory answer, Your Honor. I regret to say. Unless there are any other questions. Well, we don't want you to go away unhappy. Don't you? At least we hope you have a nice weekend here. Thank you. No, we want to get the law right on this. And that's why it's difficult because there are state interests involved. I understand very much. Well, I would just refer the court to the First Circuit's decision in Fiero, which is on the facts. And generally speaking on the law, identical to this case. It points out the problems to permitting this type of change in custody to affect whether someone becomes a citizen or not. I mean, it's not something that someone applies for, the parent goes in or the child. It's something that happens automatically. And I think Congress wanted to limit it to certain situations. And I don't think this type of change of custody because really what happened is he wanted to come to the United States. His parents wanted him to come to the United States. He had never lived with his father. In fact, his father wasn't there when he was born. He came here when he was 15. But you see, he came and he went with his father. And you wouldn't have had a bit of a problem if they had just walked down the hall to the court and said now change custody. It would have been perfectly fine with you. Yes, Your Honor. No great policy would have been involved. If there were no order. If what? If there were no order at all, if he had just come and the father had physical custody. Under the board's law, that's correct too, Your Honor. But the fact, I mean, the State Department and the service have to be able to look at something. And what was presented here to them was the marriage certificate, the birth certificate, and the divorce decree, which said that custody was given to the mother in 1970 and never changed. Well, there was no indication that it had been changed. And our position is that it needs to be, it needed to be entered with the court when it was done, they claim in 1984. And that the 1970 order of the court stands. And unless it was changed before he was 18, a later statement is ineffective. Thank you. Thank you very much. Basically, I just would like to point out that the reason that the parties apparently went back to the state court was because they had gone to the State Department on an application for a U.S. passport. And the State Department said, absent a decree changing the legal custody, we have to go by that original decree which was issued years ago. But since there's no state court decree changing the custody, then we cannot approve him as a U.S. citizen. So seeing that, they went back to the state court, even though it's years later. And the state court basically said that the court has already outlined. So that was the motion to try to satisfy all the government requirements. That's the only point I wanted to add. Thank you. Thank you, counsel. Thank you both very much. The case just argued will be submitted. The next case on the calendar is the United States v. Rutkowski. Thank you.
judges: Browning, Reinhardt, Thomas